IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


MAURICE O. WILLIAMS                                          PETITIONER
ADC #89500


V.                        CASE NO.: 5:06CV00116 JLH/BD


LARRY NORRIS                                                RESPONDENT
Director, Arkansas Department
of Correction


RECOMMENDED DISPOSITION

I.      Procedure for Filing Objections:

The following recommended disposition has been sent to Chief United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from receipt of the findings and recommendations.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District

Judge, you must, at the same time that you file your written objections, include the

following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   The details of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**II.    Procedural History:**

Petitioner, Maurice O. Williams, filed this Petition for Writ of Habeas Corpus

(docket entry #2) under 28 U.S.C. § 2254.  Also pending are his Motion to Amend or

Correct Petition (docket entry #14), his Motion for Reconsideration (docket entry #15),

and his Motion for an Evidentiary Hearing (docket entry #16).  For reasons that follow,

the Court recommends that Mr. Williams's Petition for Writ of Habeas Corpus (docket

entry #2) be DENIED and DISMISSED with prejudice, and that his Motion to Amend or

Correct Petition (docket entry #14), his Motion for Reconsideration (docket entry #15),

and his Motion for Evidentiary Hearing (docket entry #16) be DENIED as moot.

2

III.   **Background**:

On March 7, 2003, Petitioner was incarcerated in Kansas City, Kansas, serving a

19-month sentence for Forgery.  While in Kansas, Petitioner became aware of an

Arkansas arrest warrant issued for various drug offenses.  On June 26, 2003, he filed a

request for final disposition of charges in the Circuit Court of Arkansas County,

Arkansas.  This filing prompted the State of Arkansas to request temporary custody of the

Petitioner on January 14, 2004, and on February 12, 2004, the State of Arkansas took

custody of Petitioner.

On November 19, 2004, after pleading guilty on the Arkansas drug charges,

Petitioner was sentenced to a total of fifteen years in prison.  He did not appeal his

conviction or his sentence.  He unsuccessfully attempted to file two state habeas actions

raising issues raised in this Petition, but he never raised ineffective assistance of counsel

in any state post-conviction motion.

Petitioner does not contend that his guilty pleas were made involuntarily or

unknowingly; nor does he allege ineffective assistance of counsel.  Instead, he bases his

Petition on alleged procedural defects in his state prosecution.

IV.   **Discussion**:

Federal review of claims adjudicated in state court is limited.  "When a claim has

been adjudicated on the merits in state court, habeas relief is warranted only if the state

court proceeding resulted in (1) a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court, or (2) a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." *Bucklew v.*

*Luebbers*, 436 F.3d 1010, 1015 (8th cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2));

see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

In this case, review by the Federal court is limited even further. Petitioner pled

guilty to the charges he now contests. His admittedly voluntary guilty plea to the drug

charges on which he was sentenced acts as a waiver of all non-jurisdictional defects. *Cox*

*v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992) (citing *Becker v. State of Nebraska*, 435

F.2d 157 (8th Cir. 1970)). Accordingly, this Court may review only the jurisdictional

defects alleged by Petitioner.

Mr. Williams raises three grounds for issuance of the Writ. First, he claims the

trail court lacked jurisdiction because Petitioner never waived extradition from Kansas.

Second, he claims that his right to a speedy trial was violated; and, third, Petitioner claims

that his sentence and conviction are facially invalid.

Respondent contends that: (1) the Petition is time-barred because it was not filed

within the one-year period provided by 28 U.S.C. § 2244(d)(1); (2) the Petitioner is

procedurally defaulted for failing to exhaust available state remedies; and (3) the claims

were waived by a knowing and voluntary guilty plea. The Court will review both the

procedural hurdles facing Petitioner as well as the merits of his claims. See *Trussell v.*

*Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006)(citing *Day v. McDonough*, 547 U.S. 198,

126 S.Ct. 1675, 1681-82, 164 L.Ed.2d 376 (2006) and *Barrett v. Acevedo*, 169 F.3d 1155,

1162 (8th Cir.1999) (en banc))(holding that since neither the statute of limitations nor the

procedural default provide a jurisdictional bar to review, a court may proceed to the

merits in the interest of judicial economy).

**A.**      *Jurisdiction of Trial Court*

Petitioner argues that the State trial court lacked jurisdiction over his criminal case

for two reasons.  First, Petitioner claims that he never waived extradition and never

received an extradition hearing.  Second, he contends that the trial court lacked

jurisdiction because the State failed to comply with the Interstate Agreement on Detainers

Act (IADA).

Assuming that Petitioner's extradition was procedurally flawed, his claim still

fails.  Improper extradition would not deny the State of Arkansas jurisdiction over

Petitioner.  See *Betts v. Norris*, No. 04-603, 2004 WL 2362119 at *1 (Ark. Oct. 21, 2004)

(unpublished) (illegal extradition from Kansas to Arkansas did not deny trial court

jurisdiction).  Furthermore, Petitioner waived the extradition claim when he pled guilty.

See *Baxter v. United States*, 966 F.2d. 387, 389 (8th Cir. 1992) (IADA claims are non-

jurisdictional and are waived by a knowing and voluntary plea of guilty).  In any event,

the failure to extradite Petitioner properly, even if true, does not implicate any federally

protected rights.  See *Camp v. United States*, 587 F.2d 397, 400 (8th Cir. 1978) (citing

*Blackledge v. Perry*, 417 U.S. 21, 30 (1974)) (the IADA is a statutory set of procedural rules which do not rise to the level of constitutionally guaranteed rights).  Neither the Constitution nor the laws of the United States prohibit a state from exercising jurisdiction in the prosecution of an offender brought from another State by unlawful means.  See *Ker v. Illinois*, 119 U.S. 436, 444 (1886) (offender brought within state jurisdiction by unlawful violence); *Mahon v. Justice*, 127 U.S. 700, 707, 712, 714 (1888) (same); *Cook v. Hart*, 146 U.S. 183, 193 (1892) (offender brought within State jurisdiction by abuse of legal process); *Pettibone v. Nichols*, 203 U.S. 192, 215 (1906) (same); see also, *United States v. Humberto Alvarez-machain,* 504 U.S. 655, 112 S.Ct. 2188 (1992) (citing with approval *Ker, Mahon, Cook, and Pettibone, supra)*(holding that district court had jurisdiction to try Mexican national who had been forcibly kidnapped and brought to the United States for trial).

**B.**     ***Right to a Speedy Trial***

Petitioner argues that his right to a speedy trial was violated.  Under Arkansas and Eighth Circuit precedent, a knowing and voluntary guilty plea waives the right to a speedy trial, even if the plea is entered after the time for a speedy trial has expired.  See *Hall v. State*, 281 Ark. 282, 284, 663 S.W.2d 926, 927 (1984) (appellant who pled guilty to charge that had been pending for fourteen months waived his right to a speedy trial); *Cox*, 970 F.2d at 453 (defendant who entered knowing and voluntary guilty plea after filing a motion to dismiss on speedy trial grounds waived the speedy trial issue).  Petitioner has

not contested the validity of his guilty plea.  Accordingly, he has waived review of the speedy trial issue.

**C.      *Validity of Conviction and Sentence***

Petitioner's final contention is that the trial court erred in denying his Motion to Dismiss for Lack of Speedy Trial (docket entry #5, Ex. E), and that, "all proceedings afterwards were invalid and void on [their] face." (docket entry #2, p. 5).  This contention is without merit.  Petitioner had every right to a trial and to an appeal of the speedy trial issue.  Instead, he chose voluntarily to plead guilty.  As noted, Petitioner waived the speedy trial issue when he pled guilty.  Due Process is satisfied when a defendant who is present in court is convicted of a crime after having been fairly apprised of the charges and after a fair trial.  *Frisbie v.  Collins*, 342 U.S. 519, 522, 72 S.Ct.  509, 511-512 (1952).  Petitioner was informed of the charges against him and his right to a trial.  He voluntarily and knowingly chose to forego a trial and plead guilty.  This Court can find no Constitutional deficiencies in Petitioner's conviction and sentence.  Accordingly, this Petition should be denied and dismissed with prejudice.

**D.      *Pending Motions***

Petitioner filed a Motion to Amend or Correct Petition (docket entry #14) to add a claim for ineffective assistance of counsel in failing to address the speedy trial issue.  The addition of this claim would not further Petitioner's cause for at least two reasons.  First, there is no allegation of ineffective assistance of counsel with regard to Petitioner's guilty

plea.  Thus, all non-jurisdictional challenges would remain waived.  Second, Petitioner

has never filed any post-conviction motion alleging ineffective assistance of counsel.

Because Petitioner did not present this issue to the State court, he is procedurally barred

from raising it for the first time in a federal habeas petition.  A claim of ineffective

assistance of counsel is, therefore, beyond the scope of this Court's review.  See *Abdullah*

*v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996)(holding that, with few exceptions, federal

court review of a state court conviction is limited to procedurally exhausted issues).

Nothing in this case would bring it within the narrow exceptions to the exhaustion

requirement.  Thus, the Motion to Amend or Correct (docket entry #14) should be denied

as moot.

Petitioner also filed a Motion for Reconsideration (docket entry #15) of this

Court's denial of his Motion to Appoint Counsel.  Because this Court finds no merit in

the Petition for Writ of Habeas Corpus and recommends dismissal, the Court further

recommends the Motion for Reconsideration (docket entry #15) be denied as moot.

Petitioner's final pending motion is a Motion for an Evidentiary Hearing (docket

entry #16).  Petitioner alleges, for the first time, that a hearing is necessary to show he is

actually innocent.  Petitioner pled guilty to the charges against him.  He has not denied

that he possessed cocaine and marijuana with intent to distribute, as charged.  Thus, this

claim is not one of factual or actual innocence but rather is a claim of legal innocence.

Neither legal insufficiency nor legal innocence is enough to show "actual innocence."

*Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998).  Accordingly,

an evidentiary hearing is unnecessary and Petitioner's Motion should be denied as moot.

**V.     Conclusion:**

The Court recommends that Mr. Williams's Petition for Writ of Habeas Corpus

(docket entry #2) be DENIED and DISMISSED with prejudice, and that his Motion to

Amend or Correct Petition (docket entry #14), his Motion for Reconsideration (docket

entry #15), and his Motion for Evidentiary Hearing (docket entry #16) be DENIED as

moot.

DATED this 16th day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE